## MARCUS HUNTER et al. *v.* BENNETT, WALTON & Co. et al.

Where a party brought a suit by attachment against a vessel for damage done to freight, and the attachment was released upon the execution of a mortgage by the master of the vessel upon the ship to secure the payment of such judgment as might be rendered in the suit—*Held:* That the acceptance of the mortgage instead of the bond which should have been given to release the attachment, deprived the attaching creditors of their remedy upon the vessel in the hands of bonafide purchasers for value and without notice, since the mortgage was a nullity under the laws of Louisiana.

Where a vessel had been thus attached and released, and upon a final judgment decreeing her to be liable, was again seized, she having in the mean while passed into the hands of different owners—*Held:* That the presumption was, that she belonged to the same owners with whom the contract of affreightment had been made, and that her registry not being recorded in our custom house, her owners at the time of the last seizure were bound to make proof of the change of ownership, and the seizing creditors could not be held liable for more than nominal damages.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J.
Gaither & *McPheeters*, for plaintiffs and appellees. *C. A. Taylor*, for *John M. Bell*. *McCay & Edwards*, for *Bennett, Walton & Co.*, appellants.

BUCHANAN, J. The plaintiffs claim to be owners of the ship St. Peter, seized in execution of a judgment against other persons. They enjoin the sale of the ship by the Sheriff, and pray for damages, which were awarded by the judgment of the court below against both the Sheriff and the seizing creditor.

Separate appeals were taken, which have come up in separate transcripts. We have already disposed of the case of the Sheriff (No. 5608 of the docket of this court), and are now to pass upon that of the other defendant, the seizing creditor.

The facts are as follows:

On the 21st of June, 1851, *Moses Greenwood & Co.* brought suit by attachment against *Cyrus Cooper*, master, and *Rufus K. Page, Stephen Davenport*, and *A. Allen*, owners of the ship St. Peter, for damage to goods shipped on board

HUNTER
v.
BENNETT.

said vessel at Boston, and consigned to *Greenwood & Co.*, in New Orleans. The ship St. Peter was attached the same day, and was released four days afterwards, (June 25th, 1851,) upon the execution of a mortgage by the master, *Cyrus Cooper*, of the ship, her tackle, apparel and furniture, in favor of *Greenwood & Co.*, to secure the payment of such judgment as might be rendered in the suit.

On the 9th of February, 1854, judgment of nonsuit was rendered by the District Court in the suit of *Greenwood & Co.* v. *Cooper et als.;* from which judgment plaintiffs in said suit appealed.

Pending the appeal, March 8th, 1855,) *Bennett* and others were subrogated, on motion of counsel of *Greenwood & Co.* to the rights and claims of the latter.

December 17th, 1855, the Supreme Court pronounced judgment upon the appeal, reversing the judgment of the District Court, and decreeing that plaintiffs recover of defendants, *Stephen Davenport, A. Allen, J. Larrabee* and *Cyrus Cooper, in solido,* $4,141 19, with interest and costs, *and with privilege, for the payment of the same, on the ship St. Peter.*

After the release of the St. Peter from attachment as above stated, it does not appear that she visited this port again, until February, 1857, when she was seized under a writ of *fieri facias* issued upon the judgment of the Supreme Court, at the instance of the subrogees of *Moses Greenwood & Co.*

In the mean time, the owners of the ship St. Peter mentioned in *Greenwood & Co.'s* petition, and in the judgment of the Supreme Court had conveyed their interest in the said vessel to other persons, by conveyances recorded in the office of the collector of customs, in which said vessel was registered, as required by the Act of Congress of the 29th July, 1850.

Those conveyances, offered in evidence without objection, show that the present plaintiffs acquired title in the St. Peter, as follows :

*Hunter & Thompson* bought eleven twenty-fourths of the vessel from *Ambrose Merrill*, on the 19th May, 1856, one sixth (or four twenty-fourths) from *Stephen Larrabee*, and seven twenty-fourths from *Parmenio C. Shaw* on the 26th May, 1856, and one-twelfth (or two twenty-fourths,) from *Charles T. Dillingham*, on the 29th May, 1856.

*Charles L. Snow* bought one-third of the vessel from *Thompson & Hunter*, on the 26th June, 1856.

*Augustus F. Saria* bought of *Thompson & Hunter*, one-third of the vessel on the 26th June, 1856.

It is thus seen that only one-sixth of the St. Peter came directly to the present claimants from an original judgment debtor, and there is no notice *aliunde* brought home to those claimants of the privilege upon the vessel, decreed by the judgment. Under the above state of facts, is the ship liable in their hands to that privilege ?

If the attachment had been released upon a bond given, as pointed out by the Code of Practice, we would answer this question in the affirmative. But the course pursued by *Greenwood & Co.*, has, in our opinion, deprived them of their remedy upon the vessel in the hands of bonafide purchasers for value and without notice. They thought fit to take the matter into their own hands, without requiring an order of court; and the result is, that they have exchanged virtually, their attachment lein for a mortgage, which mortgage was a nullity under the law of Louisiana. 12 An. 522.

As to the damages which the plaintiffs are entitled to recover in this case, we differ from the District Judge ; and consider that they should be merely nominal.

The seizing creditors, who were the real parties in interest in *Greenwood's* suit, being the owners of the goods that had been damaged by the fault of the owners of this freighting ship, had every reason to believe, after the judgment, which, after years of litigation, they had obtained in the Supreme Court, that the vessel was bound to them to make good the damage.

After a nominal detention of four days, which did not delay her one instant upon her voyage, the vessel is voluntarily released by the party charged with the protection of the interests of the present defendants. It would not, in our view, be equitable, to add to the loss of their judgment, the infliction of heavy damages. The presumption was, that the St. Peter belonged to the same owners as those with whom defendants had made the contract of affreightment.

Neither the original register, nor the many subsequent registers of the ship St. Peter, were recorded in our Customhouse. And these common carriers have no cause to complain that they have been called upon to make proof of a change of ownership in a thing apparently bound for the claim of the seizing creditor.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended; that the injunction herein issued be perpetuated; that plaintiffs recover of *Bennett, Walton & Co.*, appellants, one dollar as damages, with costs of the court below; those of appeal to be borne by plaintiffs and appellees.

VOORHIES, J., absent.